UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHAZ J. F.,

    Plaintiff,

v.

LELAND DUDEK, Acting Commissioner
of Social Security,[1]

    Defendant.

Case No. 24-cv-96 (LMP/DLM)

**ORDER GRANTING
ATTORNEYS' FEES**

---

James H. Greeman, **Greeman Toomey, Minneapolis, MN**, for Plaintiff.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**, Molly Barry and Sophie Doroba, **Social Security Administration, Baltimore, MD**, for Defendant.

    Plaintiff Chaz J. F. appealed the denial of his application for disability benefits by Defendant Leland Dudek, Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* ECF No. 1. On January 13, 2025, the Court granted in part Chaz J. F.'s motion for judgment on the administrative record and remanded this action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* ECF No. 15. Chaz J. F. now moves for an award of $5,676.25 in attorneys' fees; the Commissioner does not oppose the motion. ECF Nos. 18, 23. For the following reasons, the Court grants the motion.

---

[1]     On February 17, 2025, Leland Dudek became the Acting Commissioner of the Social Security Administration. The Court substitutes Leland Dudek as Defendant in his official capacity. Fed. R. Civ. P. 25(d).

1

## **ANALYSIS**

The Equal Access to Justice Act ("EAJA") allows the Court to award attorneys' fees to the prevailing plaintiff in an action seeking judicial review of a denial of disability benefits unless the government's position was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Cornella v. Schweiker*, 728 F.2d 978, 981–82 (8th Cir. 1984) (applying Section 2412 to Social Security cases). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989).

**I.      Whether Chaz J. F. is Entitled to an Award of Attorneys' Fees**[2]

Chaz J. F. has shown that he was a prevailing party under the EAJA. In its prior order, the Court remanded the case under sentence four of 42 U.S.C. § 405(g). ECF No. 15 at 2. A "sentence four" remand qualifies Chaz J. F. as the prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The burden of proof then shifts to the Commissioner. *Huett*, 873 F.2d at 1155. Here, the Commissioner neither opposes Chaz J. F.'s request for attorneys' fees nor claims that the agency's position was substantially justified or that an award would be unjust. The Court thus finds that Chaz J. F. is entitled to an award of attorneys' fees under the EAJA. *See Richard B. v. Kijakazi*, No. 22-cv-2039 (KMM/TNL), 2023 WL 4580984, at *2 (D. Minn. July 18, 2023) (finding

---

[2]      Chaz J. F. filed his motion within thirty days of the Court's order and final judgment, so his motion is timely. *See* 28 U.S.C. § 2412(d)(1)(B); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

the Commissioner's position not substantially justified because she had neither contested the award, nor met her burden to establish substantial justification).

## II.     Whether Chaz J. F.'s Requested Attorneys' Fees Are Reasonable

The next question is whether Chaz J. F.'s requested fees are reasonable.  *See* 28 U.S.C. § 2412(d)(2)(A).  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."  *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  The party seeking attorneys' fees bears the burden of proving the reasonableness of the hours and the rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

### a. Reasonable Hours

Chaz J. F.'s attorneys spent 23.75 hours on this case.  ECF No. 20 ¶ 4; ECF No. 21 ¶ 4.  The Court finds that this amount of time is reasonable for counsel experienced in Social Security litigation.  *See Dianna L. B. v. Saul*, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (explaining that "between 20 and 40 hours is a typical compensation range for counsel experienced in Social Security litigation" and collecting cases).

### b. Reasonable Rate

Under the EAJA, attorneys' fees "shall not be awarded in excess of $125 per hour" unless "an increase in the cost of living or a special factor" justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Chaz J. F. seeks an upward adjustment from the statutory maximum to $239 per hour based on his attorneys' Social-Security-law experience and a cost-of-living adjustment.  ECF No. 19 at 3–4.  The cost-of-living adjustment is based on increases in the

Consumer Price Index ("CPI") for urban consumers from 1996 (the year that the statutory fee cap was enacted) to present. *Id.* at 3; ECF No. 22.

The CPI is "proper proof of the increased cost of living since the EAJA's enactment," justifying an award of attorneys' fees greater than the statutory limit. *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (citation omitted) (internal quotation marks omitted). Nonetheless, an increase "is not automatic." *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989) (per curiam). Courts have calculated a cost-of-living adjustment by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 151.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Sarah K. v. Kijakazi*, No. 21-cv-2223 (ECW), 2022 WL 17584414, at *2 (D. Minn. Dec. 12, 2022). Here, Chaz J. F. calculates the $239 hourly rate by multiplying the $125 statutory rate by the average CPI in 2024 (290.37), then dividing that product by the March 1996 CPI, 151.7. ECF No. 19 at 3 n.2; ECF No. 22. Because it appears that Chaz J. F.'s attorneys worked on his case throughout 2024, ECF No. 20 ¶ 4; ECF No. 21 ¶ 4, using the average CPI for 2024 is appropriate.

Given these circumstances, the Court finds that the requested rate of $239 per hour is reasonable. *See Matthew D. v. O'Malley*, No. 22-cv-276 (NEB/ECW), 2024 WL 665920, at *2 (D. Minn. Feb. 16, 2024) (finding that an unopposed request for an hourly rate of $233 based on the CPI to be justified); *Richard B.*, 2023 WL 4580984, at *2 (finding that an unopposed request for an hourly rate of $225 based on the CPI to be justified).

The Court finds an award of 23.75 hours at a rate of $239 per hour for a total of $5,676.25 is reasonable and consistent with other EAJA awards in Social Security appeals in this District. *See Matthew D.*, 2024 WL 665920, at *2 (finding award of $9,786.00 was reasonable); *Richard B.*, 2023 WL 4580984, at *2 (finding award of $7,200.00 was reasonable); *Sarah K.*, 2022 WL 17584414, at *2 (finding award of $9,196.18 was reasonable); *Dianna L. B.*, 2021 WL 733995, at *2 (finding award of $8,672.60 was reasonable).

## **CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Chaz J. F.'s Motion for Attorneys' Fees (ECF No. 18) is **GRANTED**.

2. Chaz J. F. is awarded $5,676.25 in reasonable attorneys' fees under the EAJA.

3. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586, 589, 592 (2010), the EAJA award is payable to Chaz J. F. as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 4, 2025                       *s/Laura M. Provinzino*
                                           Laura M. Provinzino
                                           United States District Judge